**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| J.C., a Minor, and | : | |
| A.H., as Parent and | : | |
| Guardian of J.C. | : | |
| | : | CIVIL ACTION NO |
| v. | : | -cv- |
| | : | |
| SCRANTON | : | |
| SCHOOL DISTRICT | : | |

## COMPLAINT

Plaintiff, J.C., a student in the Scranton School District and his parent, A.H., as parent and natural guardian of J.C., (hereinafter collectively referred to as "Plaintiffs"), through their attorney, Drew Christian, Esquire, file the following Complaint against Scranton School District:

## PARTIES

1. Plaintiff, J.C., (hereinafter referred to as "Student"), resides with his mother, A.H. His residence is located within the boundaries of the School District. At all times relevant hereto, J.C. resided within the geographical boundary

of the School District. Although the Student is of the age of majority under Pennsylvania state laws as a nineteen (19) year old, he is considered a minor regarding special education rights under federal special education statutes. (See: <u>Jonathan T. v. Lackawanna Trail School District</u>, 2004 U.S. Dist. LEXIS 2915, 2004 WL 384906, FN 4, (M.D.PA,2002).

2. Plaintiff A.H., (hereinafter referred to as "Parent") is an adult who resides within the geographical boundaries of the School District. At all times relevant hereto J.C. has been the parent of A.R, as defined by under the Individuals with Disabilities Education Act, 20 U.S.C. §1401, et. seq., (hereinafter referred to as "IDEA").

3. The Scranton School District, hereinafter referred to as "School District," is a governmental entity which, pursuant to State law and with receipt of a substantial amount of Federal funds, provides educational services to school aged children residing within its boundaries. The School District is governed by a nine-member board that is commissioned by the Commonwealth of Pennsylvania to administer and enforce, *inter alia*, the statutory mandates of the: IDEA, Rehabilitation Act of 1973, 29 U.S.C. §794 (hereinafter referred to as "RA"); Americans with Disabilities Act, 42, U.S.C., §12111, hereinafter referred to as "ADA"); and other related federally funded programs to eligible students enrolled in the school district. The School

District's administrative offices are located at 425 North Washington Avenue, Scranton, Pennsylvania, 18503.


**JURISDICTION AND VENUE**

4. Plaintiffs' claims arise from the IDEA and its implementing regulations, 34 C.F.R. part 300, *et. seq*.; Section 504; Section 1983 of the Civil Rights Act of 1964, (hereinafter referred to as "Section 1983"); and the Fourteenth Amendment of the United States Constitution. 28 U.S.C.S. §1331 provides that United States District Courts have original jurisdiction over matters where a federal question is raised in cases arising under the Constitution, laws, or treaties of the United States.

5. Section 1343 of 28 U.S. Code, provides that United States District Courts have original jurisdiction of any civil action to redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States.

6. Regarding subject matter jurisdiction, the IDEA states that:

> In the case that a resolution is reached to resolve the complaint through the [IDEA] mediation process, the parties shall execute a legally binding agreement that sets forth such resolution and that…is signed by both the parent and a representative of the

> agency who has the authority to bind such agency; *and is enforceable in any State court of competent jurisdiction or in a district court of the United States*. [Emphasis added].
>
> 20 U.S.C. §1415(e)(2)(F).

7. This Court has jurisdiction over state claims raised by the Plaintiffs under 28 U.S.C. § 1367, which states that:

> in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

8. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) as the Defendant is located in this judicial district and conducts business within this judicial district. All Plaintiffs reside in this judicial district and their claims arose within the geographical boundaries of this judicial district.

## STATUTORY AND REGULATORY BACKGROUND

9. The IDEA and its implementing regulations require that school districts provide qualified disabled children with a free appropriate public education, (hereinafter referred to as "FAPE"). Section 1415 of the IDEA creates administrative and judicial due process rights and procedures that a parent can invoke if a dispute arises with a school district regarding FAPE.

10. The IDEA and its implementing regulations state that "the court, in its discretion, may award reasonable attorney's fees as part of the costs to the parents of a child with a disability who is the prevailing party." 34 C.F.R. §300.513(a). The regulations also state that "fees awarded under [the regulations] must be based on rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished." Id. at (c)(1).

11. The RA prohibits discrimination against persons with a handicap, including students with disabilities, participating in federally funded programs. It requires the identification of all disabled students and the provision of appropriate special educational services. The RA defines a "handicapped person" as "any person who has a physical or mental impairment which substantially limits one or more major life activities." 34 C.F.R. §104.3. A physical or mental impairment is "any physical or psychological disorder." Id. The term "major life activities" includes "functions such as caring for one's self…learning and working." Id. The RA requires recipients of federal funds to provide FAPE to each qualified handicapped person who is in the recipient's jurisdiction, regardless of the nature and severity of the person's handicap." 34 C.F.R. §104.3.

12. The RA also states that "in any action or proceeding to enforce or charge a violation of a provision of this title [29 USCS §§ 790 et seq.], the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." 29 U.S.C. 794(a).

13. The ADA states that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."

14. The Civil Rights Act of 1964 states that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State…subjects, or causes to be subjected, any citizen of the United States…to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

> 42 U.S.C. §1983.

15. The Civil Rights Act of 1964 also states that "the court, in its discretion, may allow the prevailing party…a reasonable attorney's fee as part of the costs" for claims raised under Section 1983. Id. at §1988.

16. Pennsylvania state law requires that:

> Every child, being a resident of any school district, between the ages of six (6) and twenty-one (21) years, may attend the public schools in his district, subject to the provisions of this act Notwithstanding any other provision of law to the contrary, a child who attains the age of twenty-one (21) years during the school term and who has not

graduated from high school may continue to attend the public schools in his district free of charge until the end of the school term.

24 P.S. §13-1301.

## FACTUAL BACKGROUND

17.  The Student has disabilities that impact his life.

18. The Student is eligible for special education services under the IDEA disability category of autism.

19. The School District issued a diploma to the Student at the end of the 2013-14 school year, which was the school year that he turned eighteen (18).

20. Subsequently, Plaintiffs requested a special education administrative due process hearing alleging, *inter alia*, that the School District failed to provide special education services to the Student.

21. To avoid litigation the parties entered into a settlement through the mediation process outlined by the IDEA.

22. In part, the settlement agreement required that the School District:

> (3) shall re-enroll the Student into a program consisting of a half school day of job coaching and a half school day of life skills. This program can be altered by the IEP team as deemed appropriate. The school district may use the services of a third-party provider such as the Center for Independent Living, Scranton, Pennsylvania, to provide the services referenced in this Paragraph. This program will also consist of a transition to adult life plan, as defined under the IDEA…
>
> (5) The school district will continue to provide educational services to the Student to the end of the school year that the

Student turns 21 unless the Student becomes otherwise
ineligible based on circumstances such as withdrawal from
school or moving outside of the boundaries of the school
district. The school district will not issue any subsequent
diplomas.

Settlement Agreement between Parent and School District,
signed January 21, 2015.

23. Since the signing of the settlement agreement on January 21, 2015, the
Parent attempted to contact the School District at least one or two times per
week for the Student to receive settlement agreement services.

24. The School District did not respond to any of the Parent's calls.

25. The School District provided no services to the Student from the date of the
settlement to present.

## LEGAL CLAIMS

### COUNT I
### DISCRIMINATION
### FAILURE TO PROVIDE SERVICES
### THROUGH SETTLEMENT AGREEMENT
### (DISCRIMINATION BASED
### ON DELIBERATE INDIFFERENCE UNDER RA)[1]

26. The Plaintiffs incorporate the preceding paragraphs as if set out here in full.

---

[1] This standard for discrimination and the right to monetary damages is defined under Mark H. v.. Lemahieu, 513
F3d. 922, (9th Cir.,2008).

27. The Student is a handicapped person who has impairments that substantially limit his life activities.

28. The School District is a recipient of federal funds.

29. The School District had actual knowledge that the Student was entitled to services by way of the January 21, 2015 Settlement Agreement.

30. The School District discriminated against the student by showing deliberate indifference and/or intent to discriminate by failing to provide any educational services at all from the date of the January 21, 2015, settlement agreement to present.

31. The School District's deliberate indifference and/or intent to refuse to provide such services under the RA caused the Student to suffer damage, trauma and distress.

32. Special education due process hearing officers do not have subject matter jurisdiction over discrimination claims.

33. Administrative remedies alone do not rectify the School District's failure to provide such services.

**COUNT II**
**BREACH OF SPECIAL EDUCATION**
**SETTLEMENT AGREEMENT**
**(IDEA)**

34. The Plaintiffs incorporate the preceding paragraphs as if set out here in full.

35. The Parent and School District entered into a settlement agreement on January 21, 2015.

36. The School District received valuable consideration through the subject settlement agreement from the Parent in the form of waivers of claims that were pending against the School District.

37. The School District failed to comply with substantive portions of this agreement regarding the provision of services to the Student.

38. The School District's lack of compliance with the subject settlement agreement is a material breach of contract.

39. The Student was harmed as a result of this breach of contract.

40. Federal Courts have subject matter jurisdiction over the enforcement of special education settlements under 20 U.S.C. §1415(e)(2)(F).

**COUNT III**
**DENIAL OF FAPE**
**(RA, IDEA, 20 P.S. §13-1301)**

41. The Plaintiffs incorporate the preceding paragraphs as if set out here in full.

42. The Student is entitled to special education services, (FAPE), under the RA and IDEA.

43. The School District provided no educational services, special education or otherwise, to the Student at any point from January 21, 2015 to present.

44. The School District's failure to provide any educational services is a denial of FAPE under the IDEA and RA.

45. The Student suffered harm based on this lack of services.

46. A special education hearing officer does not have authority under the RA to provide an adequate remedy for this historical damage, trauma and distress caused by this complete lack of services.

## COUNT IV
## DISCRIMINATION
## FAILURE TO PROVIDE STATUTORY ENTITLEMENTS
## (DISCRIMINATION BASED
## ON DELIBERATE INDIFFERENCE UNDER RA)

47. The Plaintiffs incorporate the preceding paragraphs as if set out here in full.

48. The School District had actual knowledge that the Student was entitled to special education services under the IDEA and 24 P.S. §13-1301.

49. The School District knowingly failed to provide said services either with intent or with deliberate indifference.

50. The School District's failure to provide these statutory entitlements is discrimination under the RA.

51. Special education due process hearing officers do not have subject matter jurisdiction over discrimination claims.

52. Administrative remedies alone do not rectify the School District's failure to provide such services.


## COUNT V
## DISCRIMINATION
## (ADA)

53. The Plaintiffs incorporate the preceding paragraphs as if set out here in full.

54. The Student is a qualified individual with a disability.

55. The School District discriminated against the Student by denying the Student the benefit of its services as referenced in Counts I, II, III &IV of this Complaint.

56. The Defendant has a policy practice and custom of failing to provide services to the Student as referenced in Counts I, II, III & IV of this Complaint.

57. The School District's policy, practice and custom of depriving the Student's statutory rights caused the Student to suffer damage, trauma and distress as referenced in Count I, II, III & IV of this Complaint.

58. Administrative remedies alone do not rectify the School District's failure to provide such services.

## COUNT VI
## DISCRIMINATION
## FOURTEENTH AMENDMENT
## EQUAL PROTECTION CLAUSE
## AND 42 U.S.C. §1983

59. The Plaintiffs incorporate the preceding paragraphs as if set out here in full.

60. The School District has a policy, practice or custom of refusing to provide services described in Counts I, II, III, IV & V of this Complaint. This policy, practice or custom of caused the Student to be treated dissimilarly to other students.

61. As a result of the School District's refusal to provide such services, the Student suffered emotional harm and was denied Constitutional Equal Protection rights, as referenced in Counts I, II, III, IV and V of this Complaint.

62. Administrative remedies under the IDEA and RA alone do not rectify the School District's failure to provide such services.

## COUNT VII
## DEMAND FOR ATTORNEY'S FEES
## (IDEA, 20 U.S.C. §1415(i)(3)(B); RA, 29 U.S.C. 794(a); ADA, 42 U.S.C. 12133; 42 U.S.C. §1988)

63. The Plaintiffs incorporate the preceding paragraphs as if set out here in full.

64. Statutes raised through Counts I, II, III, IV & V of this complaint all contain fee shifting provisions.

13

65. Given the likelihood of success of these claims, Plaintiffs seek full reimbursement for fees and costs associated with this present litigation under the IDEA, RA, ADA and 42 U.S.C. §1988.

66. The Plaintiffs reserve the right to amend and submit their invoices regarding attorney's fees and costs associated with litigation relating to this matter through a subsequent fee petition, if necessary.

## PRAYER FOR RELIEF

Wherefore, the Plaintiffs demand:

A.   Judgment for damages pertaining to educational and emotional harm associated with the District's failure to provide adequate services described herein[2];

B.   An Order to place any monetary award into a third-party special needs trust;

C.   An Order for the School District to pay for any and all third-party special needs trustee costs and fees associated with the above referenced putative third-party special needs trust;

---

[2] Exhaustion of administrative remedies is not required because the monetary remedies sought in this case cannot be obtained through a special education due process hearing.

D.      An Order to convert compensatory education funds established in the January 21, 2015 settlement agreement between the parties into the above referenced putative third-party special needs trust;

E.      An Order for the School District to develop a policy of adequately implementing special education settlement agreements;

F.      An Order for the School District to pay for all Plaintiffs' Attorney's fees and costs, including costs associated with the previous special education due process hearing and the present litigation, pursuant to the IDEA, RA, ADA and 42 U.S.C. §1988 and other federal laws;

G.      Any other relief as the Court deems fitting and just.


                                            Respectfully submitted,



July 24, 2015                               s/Drew Christian
Date                                        Drew Christian, PA 85584
                                            801 Monroe Avenue
                                            Scranton, PA 18510
                                            (570) 343-1006
                                            drewchristian@comcast.net

                                            Counsel for Plaintiffs, J.C. and his Parent, A.H.